INTERNATIONAL FORWARDING CO., INC. *v.* UNITED STATES

No. 6334.—Invoice dated London, England, January 30, 1942.
Certified February 25, 1942.
Entered at New York, N. Y., March 21, 1942.
Entry No. 743502.

(Decided August 26, 1946)

*Eugene R. Pickrell* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

KEEFE, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between the attorneys for the respective parties hereto, subject to the approval of the court, that the merchandise, consisting of earthenware and chinaware, and the issues in the appeal to reappraisement herein, are the same in all material respects as the merchandise and issues decided in *United States* v. *Wm. S. Pitcairn Corp.*, Suit No. 4513, C. A. D. 334, and that the record in said case may be incorporated herein.

It is further stipulated and agreed that the appraised values of the merchandise, consisting of earthenware and chinaware, involved in the appeal to reappraisement herein, less the additions made by the importer upon entry, because of advances by the appraiser in similar cases, are equal to the prices at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities in the ordinary course of trade, for exportation to the United States, and that the foreign values for such or similar merchandise are no higher.

It is further stipulated and agreed that this case may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the earthenware and chinaware here involved, and that such values are the appraised values, less the

additions made by the importer on entry because of advances by the appraiser in similar cases. Insofar as the appeal relates to all other merchandise it is hereby dismissed.

Judgment will be rendered accordingly.